## TITLE OF THE CITY OF CINCINNATI TO EGGLESTON AVENUE.

[Hamilton County Court of Common Pleas].

CITY OF CINCINNATI, BY CHARLES J. HUNT, CORPORATION COUNSEL THEREOF, v. F. H. KIRCHNER & COMPANY ET AL.

Decided, May 28, 1903.

*Canal Land Conveyed for Street Purposes Exclusively—Vacation of Part of —Improvement of Remainder and Assessment of Cost.*

1. The city of Cincinnati having acquired from the state the right to use a certain strip of land belonging to the canal for street purposes, the subsequent abandonment by the city of a part of this strip does not work an abandonment of the remainder of the strip, now known as Eggleston avenue.

2. The fact that the city has permitted a railroad company to lay its tracks thereon is not inconsistent with the right of the city to use the unabandoned portion of the strip for highway, street and sewerage purposes.

3. The city still possessing this right as to the portion from Broadway to Pearl street, it has power to improve the street, and to assess the cost of the improvement upon the abutting property.

SMITH, J.

This case, brought by Charles J. Hunt, Corporation Counsel, at the request of Franklin Alter, Esq., a tax-payer of the city of Cincinnati against F. H. Kirchner & Company, and the city of Cincinnati, to enjoin the improvement of Eggleston avenue upon the ground that any assessment levied for the improvement of said Eggleston avenue would be illegal for the reason that it is claimed that the title to Eggleston avenue is not good in the

city of Cincinnati, and all of the alleged street proposed to be improved is not a public street of the city of Cincinnati, was submitted to the court upon demurrers of F. H. Kirchner & Company and the city of Cincinnati to said petition.

The petition and amendment to petition after setting out a description of the property included in Eggleston avenue from Broadway to Pearl street, and the ordinances for the improvement of the same, and the contract for said improvement with said defendant, F. H. Kirchner & Company, submits to the court the questions whether the city of Cincinnati had authority to pass the resolutions and ordinances to make said contract, and to assess the cost of said improvement upon the abutting property, and whether such resolutions, ordinances and contract are legal and valid, and particularly whether the city of Cincinnati has a valid title to Eggleston avenue as a public street of said city, and prays that an injunction may issue against the city and said firm from pursuing said work.

The resolution and recommendation to improve Eggleston avenue was passed by the board of public service in accordance with Sections 2214, 2226, 2273 and 2274, Revised Statutes. The resolution declaring it necessary to improve Eggleston avenue was passed by the board of legislation in accordance with Sections 2304, 2264, 1655-2 and 1695. The ordinance to improve Eggleston avenue was passed by the board of legislation in accordance with Sections 2264, 1695 and 1655a. Advertisement for proposals for the same was made by the board of public service in accordance with Section 2215. The resolution was passed by the board of legislation authorizing the board of public service to enter into a contract for said improvement in accordance with Sections 2273 and 2274. and afterwards a contract was entered into between F. H. Kirchner & Company and the president of the board of public service on behalf of the city of Cincinnati, in accordance with Sections 2215 and 2216, Revised Statutes.

These various resolutions, ordinances and steps taken thereunder, the court finds in all respects to have been legal, and according to the various statutes governing the same, and therefore said action by the city in these respects is legal and valid.

The real question in the case is as to the title the city of Cincinnati has to what is known as Eggleston avenue between Broadway and Pearl street, for it is upon this that the right to improve the avenue depends. If the city has no title then it would not have the right to make the improvement and assess the cost of the same upon the abutting property. If, however, the title is in the city and the various steps for making the improvement are valid, then the city could enter into the contract, and the cost of the same could be assessed upon the abutting property. As to the title of the city and its right to improve Eggleston avenue as a highway the court is of the opinion as fully decided in the case of *Ohio ex rel,* v. *The Railway Company,* 53 O. S., 189. The fourth syllabus of that case is as follows:

"By the act of March 24th, 1863, (60 O. L.), and the conveyance afterwards executed by the governor pursuant thereto, the only right granted to the city of Cincinnati was to enter upon, improve and occupy the land described therein forever as a public highway, and for sewerage purposes, the title to the lands remaining in the state save and only to such use. The city acquired no right or interest that it could transfer to another, and if the city, after entering upon the occupancy of said lands under the deed abandoned them in respect to either of the uses specified, the right of the city to that extent became forfeited."

This case relates to the manner in which Eggleston avenue was held by the city of Cincinnati and occupied by the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company, and the forfeiture in the syllabus referred to related to that part of Eggleston avenue lying between Pearl street and the Ohio river, which originally was the Miami and Erie Canal. In the opinion in this case, the Supreme Court says that "the city by ordinance of December 1st, 1871, vacated Eggleston avenue from the north line of Front street to the south line of Pearl street. That was a direct abandonment of the right which had been conveyed to the city by the state to improve and use for a street the portion thus vacated, and by the use to which it permitted the defendant to appropriate that portion of the strip which is situated south of Pearl street, it may be fairly inferred that the city had abandoned that also. The city having abandoned this right, it reverts to the state, from which

the right emanates. The state was the absolute owner in fee of the whole estate and interest in this strip of land. It conveyed to the city a right to use it for two specific purposes only. Upon the abandonment by the city of either purpose, the interest to that extent returns to the grantor. By the express terms of the deed made to the city, as well as by the terms of the statute authorizing it, the city was authorized to *enter upon, improve and occupy* all or any part of the strip of land which is the subject of controversy, so that the fact that the city has abandoned a part of the land for street purposes, does not work an abandonment of the whole, nor is the use to which the city has permitted the defendant to devote that part of the land which lies between Broadway and Pearl streets inconsistent with its continued use by the city for street purposes, and therefore said use by the defendant does not work abandonment of the city's rights. But as the right granted to the city only authorized a use by the city itself of the premises granted, the city could grant no right to the defendant to lay its tracks thereon, and therefore said use of the premises by the defendant is without authority of law."

We therefore see from this decision that the city has the right to use for highway, street and sewerage purposes Eggleston avenue; that while it has abandoned that part south of Pearl street for such purpose, it has not worked an abandonment of the entire street for such purpose; and while the city has permitted the railroad company to use Eggleston avenue between Broadway and Pearl streets, yet this is not inconsistent with the city using Eggleston avenue for street purposes.

If, therefore, the city has this right, which this court finds it has, to use Eggleston avenue for all street purposes from Broadway to Pearl street, it would have the authority to improve Eggleston avenue and assess the cost of the same upon abutting property. Having this right to so use Eggleston avenue for street purposes, not having abandoned it, its title is sufficient to make the improvement and the assessment valid. The demurrers to the petition and amendment to petition are therefore sustained.

*Charles J. Hunt,* for plaintiff.

*Arthur R. Morgan,* for defendant.